**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Kenneth Dippel, Appellant,

v.

State of South Carolina, 15th Circuit Solicitor's Office, and SLED, Respondents.

Appellate Case No. 2023-000048

Appeal From Horry County
George M. McFaddin, Jr., Circuit Court Judge

Unpublished Opinion No. 2025-UP-395
Submitted November 1, 2025 – Filed December 3, 2025

**AFFIRMED**

Kenneth Dippel, of Loris, pro se.

Solicitor Jimmy A. Richardson, II, of Conway, for Respondent 15th Circuit Solicitor's Office.

Adam L. Whitsett, of Columbia, for Respondent South Carolina Law Enforcement Division.

Attorney General Alan McCrory Wilson and Senior Assistant Deputy Attorney General Mark Reynolds Farthing, both of Columbia, for Respondent State of

South Carolina.

––––––––––––––

**PER CURIAM:**  Kenneth Dippel, pro se, appeals a circuit court order granting summary judgment to the State of South Carolina, South Carolina Law Enforcement Division (SLED), and the 15th Circuit Solicitor's Office (collectively, Respondents).  On appeal, Dippel argues (1) the circuit court erred in granting summary judgment to Respondents and (2) South Carolina law allows review through post-conviction relief (PCR) based on newly discovered evidence.  We affirm pursuant to Rule 220(b), SCACR.

We hold the circuit court did not err in granting summary judgment to Respondents because there was no genuine issue of material fact regarding whether Dippel's prior conviction was eligible for expungement.  *See Braden's Folly, LLC v. City of Folly Beach*, 439 S.C. 171, 190, 886 S.E.2d 674, 684 (2023) ("In reviewing the grant of summary judgment, [an appellate c]ourt applies the same standard as the circuit court."); *id.* ("Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" (quoting Rule 56(c), SCRCP)); *id.* ("The [c]ourt must view the evidence and all reasonable inferences taken from it in the light most favorable to the non-moving party."). Although Dippel asserts section 22-5-910 of the South Carolina Code (Supp. 2018) provides for expungement in this case because he was sentenced to less than thirty days' imprisonment, we hold Dippel is not eligible for expungement because the crime to which he pled guilty *carried* a sentence of up to one year's imprisonment. Thus, his conviction was not "for a crime carrying a penalty of not more than thirty days imprisonment or a fine of one thousand dollars, or both" and not eligible for expungement.  *See* § 22-5-910(A) ("Following a first offense conviction for a crime carrying a penalty of not more than thirty days['] imprisonment or a fine of one thousand dollars, or both, the defendant after three years from the date of the conviction, including a conviction in magistrates or general sessions court, may apply, or cause someone acting on his behalf to apply, to the circuit court for an order expunging the records of the arrest and conviction and any associated bench warrant."); *Hodges v. Rainey*, 341 S.C. 79, 85, 533 S.E.2d 578, 581 (2000) ("The cardinal rule of statutory construction is to ascertain and effectuate the intent of the legislature."); *id.* ("Under the plain meaning rule, it is not the court's place to change the meaning of a clear and unambiguous statute."); *id.* ("Where the statute's language is plain and unambiguous, and conveys a clear and definite meaning, the rules of statutory interpretation are not needed and the court has no right to impose

another meaning.").

We further hold the circuit court did not err regarding Dippel's PCR claim because it is not a cognizable cause of action within his civil action for breach of contract and negligence; rather, Dippel should have raised his PCR claim in a separate action under the Uniform Post-Conviction Procedure Act.[1]  *See* S.C. Code Ann. § 17-27-20(A) (2014) (providing a person can institute a PCR action if the person "has been convicted of, or sentenced for, a crime" and claims certain specific allegations, including "[t]hat there exists evidence of material facts, not previously presented and heard, that requires vacation of the conviction or sentence in the interest of justice"); S.C. Code Ann. § 17-27-20(B) (2014) ("This remedy is not a substitute for nor does it affect any remedy incident to the proceedings in the trial court, or of direct review of the sentence or conviction.  *Except as otherwise provided in this chapter, it comprehends and takes the place of all other common law, statutory or other remedies heretofore available for challenging the validity of the conviction or sentence.  It shall be used exclusively in place of them.*" (emphasis added)).  Moreover, as acknowledged by Dippel at the motion to amend hearing, SLED has amended his criminal history.  Further, Dippel's arrest record that is included in the record shows his original felony charge and the misdemeanor conviction.  Accordingly, the circuit court did not err in disposing of Dippel's PCR claim.

**AFFIRMED.**[2]

**MCDONALD, HEWITT, and TURNER, JJ., concur.**

---

[1] S.C. Code Ann. §§ 17-27-10 to -160 (2014 & Supp. 2025).
[2] We decide this case without oral argument pursuant to Rule 215, SCACR.